# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROLWES COMPANY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No. 4:14cv1045 |
| vs. | ) |
| | ) |
| LARRY G. BARNES, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. This matter is fully briefed and ready for disposition.

## STANDARD FOR PRELIMINARY INJUNCTION

Whether the Court should issue a motion for preliminary injunction is governed by Fed.R.Civ.P. 65(a).[1] "In determining whether a preliminary injunction should be issued, a district court must take into account the threat of irreparable harm to the movant, the balance between this harm and the harm to the other party if the injunction is granted, the probability of movant's success on the merits, and the public interest." Bank One, Utah v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999)(citing Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc)). The burden of establishing the propriety of a preliminary injunction is

---

[1] Fed.R.Civ.P. 65(a) provides: (1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party. (2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

on the movant. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir.1994); Modern Computer Sys., Inc., v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir.1989) (*en banc*); Interbake Foods, L.L.C. v. Tomasiello, 461 F. Supp. 2d 943, 955 (N.D. Iowa 2006). "'No single [Dataphase] factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction.'" Baker Elec. Co-op., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir.1987) (citing Dataphase, 640 F.2d at 114)). "However, a party moving for a preliminary injunction is required to show the threat of irreparable harm." Baker Elec. Co-op., 28 F.3d at 1472 (citing Modern Computer Sys., 871 F.2d at 737; Dataphase, 640 F.2d at 114).

## BACKGROUND

Plaintiff, a homebuilder, filed a Complaint in this case alleging that Defendants wrongfully copied its Rockport design, registered with the United States Copyright Office, Registration No. VA0001833470, for a three bedroom, single family residence. (Complaint, ¶¶25, 28-42). Plaintiff has presented evidence that Defendants submitted photocopied Rockport plans, with Plaintiff's name and copyright notice removed, to the City of Arnold, Missouri and to unincorporated Jefferson County, Missouri, in connection with permit applications. (Complaint, ¶42). Similarly, there is evidence that Defendants submitted the Rockport plans, in redrawn, handwritten form, with Plaintiff's name and copyright notice removed, to the City of Herculaneum, Missouri, in connection with permit applications. (Id.) Plaintiff claims that Defendants are building or have built at least ten homes in the St. Louis metropolitan area that infringe upon its copyright in the Rockport design. (ECF No. 5 at 3).

The Court heard oral argument on Plaintiff's Temporary Restraining Order ("TRO") on June 10, 2014, and entered a TRO on June 13, 2014 (ECF No. 22). The TRO provided that

Defendants were restrained from marketing for sale, contracting to sell, or constructing any three bedroom, one story, two bath house with a design that would infringe on Plaintiff's copyrighted "Rockport" architectural work previously registered pursuant to Copyright Registration No. VA-1-833-470 (ECF No. 1-2), including but not limited to a house with all of the following features:

- Two ancillary bedrooms at the front of the house;
- A master bedroom in the rear of the house on the same side of the house as the ancillary bedrooms;
- The ancillary bedrooms and the master bedrooms are not connected by a common hallway; and
- The master bedroom is accessed from a separate entry way off of the great room towards the back of the house.

The Court, however, allowed Defendants to complete construction and closing on the sale of the houses at the following addresses: 120 Pistis, Arnold, Missouri; 1024 Stonewick, Court, Arnold, Missouri; 1015 Stonewick Court, Arnold, Missouri; and 1317 Durham Drive, Herculaneum, Missouri. Plaintiff has posted a $75,000.00 bond.

On Tuesday, July 15, 2014, the Court held a preliminary injunction hearing, which included the testimony of witnesses. Thereafter, the parties submitted their proposed findings of fact and conclusions of law. (ECF Nos. 40, 41).

## FINDINGS OF FACT

Defendant Larry Barnes and Defendant Lisa Barnes are the sole owners of K.A.B. Construction Company L.L.C., which does business as KAB Homes. (Plaintiff Rolwes Company's Proposed Findings of Fact, Conclusions of Law, and Order on Prayer for Preliminary

Injunction ("PFacts"), ECF No. 40, ¶7). As owners of KAB Homes, Larry and Lisa Barnes have the right and ability to direct the business. (PFacts, ¶6)

Defendants built a house using the Rockport design at 1317 Durham Drive in Herculaneum, Missouri. ("1317 Durham"). (PFacts, ¶13). Defendants have been using 1317 Durham, located in the front of the Providence Park subdivision, as a model home and office to market their business. (PFacts, ¶14; (Defendants' Proposed Findings of Fact and Conclusions of Law ("DFacts"), ECF No. 41, ¶2). Over 75 lots remain for sale in the Providence Park subdivision. (DFacts, ¶1).

## CONCLUSIONS OF LAW

### I. Standard for Copyright Infringement

"In order to make out a claim of copyright infringement for an architectural work—or any work—a plaintiff must establish three things: 1) that his work is protected by a valid copyright, 2) that the defendant copied his work, and 3) that the copying was wrongful." Zalewski v. Cicero Builder Dev., Inc., 12-3448-CV, 2014 WL 2521388, at *2 (2d Cir. June 5, 2014)(citing Arnstein v. Porter, 154 F.2d 464, 468, 472–73 (2d Cir.1946); Laureyssens v. Idea Grp., Inc., 964 F.2d 131,139–41 (2d Cir.1992)). "[N]ot all copying from copyrighted material is necessarily an infringement of copyright. There are elements of a copyrighted work that are not protected even against intentional copying." Attia v. Soc'y of New York Hosp., 201 F.3d 50, 54 (2d Cir. 1999). The opinion in Zalewski v. Cicero Builder Dev., Inc. provides good guidance to the Court regarding when copying is wrongful:

> When an original work contains many *un* protected elements, … a close similarity between it and a copy may prove only copying, not wrongful copying. This is because the similarity may derive only from these unprotected elements. For clarity, the term "substantial similarity" is properly reserved for similarity that

4

exists between the protected elements of a work and another work. If two works are "substantially similar," any copying was wrongful. ... By contrast, similarity that relates to unprotected elements is probative only of copying—not wrongful copying—and is referred to as "probative similarity."

Zalewski, 2014 WL 2521388, at *3 (citation omitted).

Here, there is no question that, at least at some point, Defendants copied Plaintiff's work, particularly related to their submissions to the City of Herculaneum and City of Arnold. Before the Court is the issue of whether the past copying was wrongful and whether future design plans continue to be wrongfully copied. See Zalewski, 2014 WL 252138, at *2 ("The second and third elements—copying and wrongful copying—are often confused."). When reviewing these issues, the Court must keep in mind that "[e]very work of art will have some standard elements, which taken in isolation are un-copyrightable, but many works will have original elements—or original arrangements of elements. The challenge in adjudicating copyright cases is not to determine whether a work is a creative work, a derivative work, or a compilation, but to determine what in it originated with the author and what did not." Zalewski, 2014 WL 2521388, at *6. In this case, "there is no doubt that Plaintiff's designs, although copyrightable, are replete with uncopyrightable elements." Zalewski, 2014 WL 2521388, at *4. Thus, the Court's challenge is to determine what aspects of Plaintiff's Rockport design, if any, are copyrightable, and whether Defendants' designs feature substantially similar features. See Zalewski, 2014 WL 2521388, at *7 (holding there was no copyright violation because even if the defendants copied the plaintiff's plans, they copied only the unprotected elements of his designs).

## II.  Injunction

First, the Court addresses to what extent Defendants should continue to be enjoined from utilizing the copyrightable features of the Rockport design, and what those copyrightable

features are. Defendant Larry Barnes and Rolwes' architect John Albers have admitted that the split bedroom layout serviced by two separate hallways is the only feature that is unique to a home of that size (less than 1700 square feet). (DFacts, ¶5). During the hearing, Plaintiff argued that the placement of the stairs for the basement and the open kitchen entry were unique features for the Rockport. The Court does not believe that Plaintiff has shown that the placement of the basement stairs and the unobstructed kitchen entry have been described with sufficient particularity or that they are features that can be considered unique to the Rockport design, especially because the testimony of Rolwes' own architect, John Albers, does not support this position. See Howard v. Sterchi, 974 F.2d 1272, 1276 (11th Cir. 1992)("The variety of ways a two-story rectangle can be divided into three bedrooms, two baths, a kitchen, a great room or living room, closets, porches, etc., is finite. In architectural plans of this type, modest dissimilarities are more significant than they may be in other types of art works.")(holding that relatively minor dissimilarities between two country style frame houses were significant and that Plaintiffs "failed to establish by a preponderance of the evidence the substantial similarity of the plans required to show copyright infringement"). Because both parties are in agreement that the location of the bedrooms, which are serviced by two separate hallways, in 1700 square foot house is unique to the Rockport design the Court will enjoin Defendants from constructing a house with that particular design feature. See Attia v. Soc'y of New York Hosp., 201 F.3d 50, 56 (2d Cir. 1999)("The placement of a new building, … the alignment of floor heights and corridors, the creation of a continuous traffic loop" are not protectable); see Zalewski, 2014 WL 2521388, at *8 ("They [the plaintiff's and defendants' plans] are quite similar in location, size, and general design, but again, the similarities are due primarily to the shared colonial archetype. The window panes, shutters, and garage-door paneling all have subtle differences. Likewise, the

designs' shared footprint and general layout are in keeping with the colonial style. There are only so many ways to arrange four bedrooms upstairs and a kitchen, dining room, living room, and study downstairs. Beyond these similarities, Plaintiff's and Defendants' layouts are different in many ways. The exact placement and sizes of doors, closets, and countertops often differ as do the arrangements of rooms. … Copying that is not so close would—and in this case did—only capture the generalities of the style in which Plaintiff worked and elements common to all homes. Defendants' houses shared Plaintiff's general style, but took nothing from his original expression.").

Further, the Court finds that Plaintiff has satisfied the Dataphase factors, particularly irreparable harm, that justify the Court granting an injunction. Specifically, Plaintiff has shown that it will succeed on the merits and demonstrated that it has been injured by Plaintiff wrongfully utilizing its Rockport design. Plaintiff has not been compensated by Defendants for using its design, which includes at least some unique and copyrightable aspects. Thus, the Court preliminarily enjoins Defendants from marketing for sale, contracting to sell, or constructing any three-bedroom, one story, two bath house which includes all of the following features:

a. Two ancillary bedrooms which each include a wall that runs along the front of the house;

b. A master bedroom in the rear of the home on the same side of the house as the ancillary bedrooms;

c. The ancillary bedrooms are accessible from a hallway that does not provide access to the master bedroom; and

d. The master bedroom is accessed from a separate entry way off of the great room towards the back of the house.

This preliminary injunction, however, does not preclude Defendants from selling the house located at 1317 Durham, Herculaneum, Missouri 63048.

Next, the Court addresses whether Defendants can continue to utilize 1317 Durham for business purposes. Defendants contend that Plaintiff has not demonstrated that it has suffered an irreparable injury or will suffer an irreparable injury due to Defendants' use of 1317 Durham. There appears to be some dispute over whether Defendants were actually marketing the floor plan for 1317 Durham. Plaintiff claims that Defendants are not notifying visitors (and potential customers) to 1317 Durham that the house is not a home designed, created, or owned by Defendants, and are leaving visitors (and potential customers) with the impression that the home design is available to be built by Defendants. (PFacts, ¶¶20, 23).[2] The Court finds that this inquiry is not dispositive of whether Defendants should be allowed to continue using 1317 Durham to meet with customers and potential customers. Even if Defendants are not currently marketing the Rockport design for sale or construction, the Court holds that Defendants' use of 1317 Durham to meet with customers and potential customers harms Plaintiff. By allowing 1317 Durham to be representative of KAB Homes' work product, Defendants are unfairly employing Plaintiff's design to further their business interests. Defendants are utilizing 1317 Durham to showcase their workmanship and are unfairly appropriating and promoting Plaintiff's design as their own. The Court finds that Defendants are irreparably harming Plaintiff because Defendants are using Plaintiff's design to their advantage. Therefore, the Court enjoins Defendants from meeting with customers and potential customers at 1317 Durham. The Court finds that this restriction does not impose an undue hardship or burden on Defendants because they have available alternatives for office space in the Providence Park subdivision. See, e.g., PFacts, ¶¶24-25. The Court also notes that while it is enjoining Defendants from utilizing 1317 Durham

---

[2] This is based primarily upon the testimony of Plaintiff's employee, Ms. Christine Pratt. Ms. Pratt, however, was informed that floor plans for the design were "unavailable". Defendants presume that their agent meant that the 1317 Durham, or a home identical to that building, was not for sale. (ECF No. 41, ¶¶4-5, n.1).

to meet with customers and potential customers, the Court does not enjoin the sale or transfer of 1317 Durham.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED, IN PART, AND DENIED, IN PART,** and that, upon receiving notice of this Order, Defendants, their officers, directors, managers, agents, servants, employees, attorneys and all persons acting in concert or participating with Defendants (hereinafter collectively referred to as Defendants) are hereby enjoined and restrained:

(a) From marketing for sale, contracting to sell, or constructing any three bedroom, one story, two bath house with a design that would infringe on Plaintiff's copyrighted "Rockport" architectural work previously registered pursuant to Copyright Registration No. VA-1-833-470 (ECF No. 1-2), including but not limited to a house with all of the following features:

- Two ancillary bedrooms at the front of the house;

- A master bedroom in the rear of the house on the same side of the house as the ancillary bedrooms;

- The ancillary bedrooms and the master bedrooms are not connected by a common hallway; and

- The master bedroom is accessed from a separate entry way off of the great room towards the back of the house.

(b) Notwithstanding the foregoing, Defendants may proceed to complete construction and closing on the sale of the houses at the following addresses:

- 120 Pistis, Arnold, Missouri;

- 1024 Stonewick, Court, Arnold, Missouri;

- 1015 Stonewick Court, Arnold, Missouri; and

- 1317 Durham Drive, Herculaneum, Missouri.

The Court does not grant equitable relief as to these four houses because, if it is determined that Plaintiff incurred damages due to Defendants' infringement on these four houses, then Plaintiff has an adequate remedy at law.

(c) Defendants are enjoined from meeting with customers and potential customers at 1317 Durham Drive, Herculaneum, Missouri. The Court again notes that it does not enjoin the sale or transfer of this property.

(d) This injunction will remain in effect until further order of the Court. The bond will continue in full force and effect.

**IT IS FURTHERORDERED** that the parties shall submit a Joint Proposed Scheduling Plan, providing proposed dates for all items set forth in Fed.R.Civ.P. 16(b)(3), within ten (10) days of the date of this Order. The parties' joint proposed scheduling plan must include a proposed date for mediation of Plaintiff's claims.

Dated this 25th day of July, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**