# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROLWES COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:14cv1045 |
| vs. | ) |
| | ) |
| LARRY G. BARNES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Modify Preliminary Injunction (ECF No. 49) and Plaintiff Rolwes Company's Motion to Modify Preliminary Injunction Order (ECF No. 56). These matters are fully briefed and ready for disposition.

## BACKGROUND

On July 25, 2014, the Court entered a Memorandum and Order (ECF No. 43), granting in part and denying in part the Plaintiff's Motion for Preliminary Injunction.[1] The Preliminary Injunction Order prohibited Defendants "[f]rom marketing for sale, contracting to sell, or constructing any three bedroom, one story, two bath house with a design that would infringe on Plaintiff's copyrighted 'Rockport' architectural work."

## DISCUSSION

### I.   Defendants' Motion to Modify

In Defendants' Motion to Modify, they seek to amend the Preliminary Injunction Order to allow Defendants to meet with customers and potential customers at the model home located

---

[1] See the July 25, 2014 Memorandum and Order (ECF No. 43) for a full background of the case.

at 1317 Durham Drive in Herculaneum Missouri ("1317 Durham").[2] Defendants contend that K.A.B. has developed plans to remove the Rockport Design's copyright protectable hallway configuration from the 1317 Durham property. See ECF No. 50-2. In response, Plaintiff argues that Defendants' proposed remodel of 1317 Durham would continue to infringe on Plaintiff's copyrighted Rockport Design because "it is a protected derivative work of the Rockport Design, and because allowing the proposed remodel would not alleviate the unfair competition and irreparable harm to Plaintiff as a result of Defendants' use of Plaintiff's Rockport Design[.]" (ECF No. 55 at 1-2).

The Court will not modify the Preliminary Injunction Order based upon plans alone. However, if Defendants modify the house at 1317 Durham according to the plans submitted, the Court will consider modifying the Preliminary Injunction Order to allow K.A.B. to utilize 1317 Durham as an office for meeting with customers and potential customers. The Court previously held that Plaintiff had presented evidence that the design feature of separate hallways for the ancillary bedrooms and the master bedrooms was unique to the Rockport Design. The Court, however, held that Plaintiff had not provided evidence that any other feature was unique to the Rockport Design. Thus, the Court found that the only protectable element of the Rockport Design was the dual hallway configuration. See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991)("The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright;

---

[2] In the Preliminary Injunction Order, the Court allowed Defendants to complete construction and closing of the sale of the houses at, in relevant part, 1024 Stonewick Court, Arnold, Missouri and 1015 Stonewick Court, Arnold, Missoouri. (ECF No. 43 at 9). In their Motion, Defendants also seek to correct the Preliminary Injunction Order to reflect erroneous addresses provided by the parties and included in the original Preliminary Injunction Order. (ECF No. 49 at 2). Instead of "1015 Stonewick, Arnold, Missouri" and "1024 Stonewick Court, Arnold Missouri" the Preliminary Injunction Order should reference "1005 Stonewick Court, Herculaneum, Missouri" and "1024 Stonewick Court, Herculaneum, Missouri". (Id.) Plaintiff has no objection. (ECF No. 55 at 2, n.1).

2

accordingly, copyright protection may extend only to those components of a work that are original to the author."). The Court believes that if Defendants remodel 1317 Durham according to the plans provided, then the building will not infringe on Plaintiff's copyright in the Rockport Design. For the same reason, the Court also holds that the revised 1317 Durham plan would not constitute an unauthorized derivative work because the house would no longer contain protectable interests. See Gates Rubber Co. v. Bando Chem. Indus., Ltd., 9 F.3d 823, 833 (10th Cir. 1993)("in order to impose liability for copyright infringement, the court must find that the defendant copied protectable elements of the plaintiff's program and that those protectable elements comprise a substantial part of the plaintiff's program when it is considered as a whole"). The Court denies Defendants' Motion, in part, as it relates to 1317 Durham, but it will reconsider this position after Defendants complete construction on that site.

## II.     Plaintiff's Motion to Modify

Plaintiff seeks to modify the Preliminary Injunction Order to (1) include a general directive that Defendants not infringe on Plaintiff's copyright in the Rockport architectural work; (2) enjoin Defendants from creating and using derivative works of the Rockport Design; and (3) enjoin Defendants from continuing construction of the Rockport Design-based homes now under construction on Lot 628 and Lot 639 in the Providence Park residential development. Plaintiff wants the Court to provide a "general prohibition against infringement and a prohibition against creating or using derivative works[.]" (ECF No. 57 at 3) see also ECF No. 57 at 4 ("Plaintiff ... requests that this Court modify the Preliminary Injunction Order to include a general directive that Defendants not infringe upon Plaintiff's copyright in the Rockport Design."). Plaintiff asserts that "[i]t would be impossible to create a list of every potential home design that could infringe upon Rolwes Company's copyrighted Rockport Design." (ECF No. 57 at 5). Plaintiff

3

again argues that the placement of the stairs, as well as the kitchen access and layout, are unique features. Plaintiff asserts that Lot 628 and Lot 639 are derivative works because Defendants merely "tacked an additional bedroom onto an existing [copyrighted] design[.]" (ECF No. 57 at 10-11).

In response, Defendants note that Plaintiff previously argued at the hearing on the Motion for Preliminary Injunction that the stairs and kitchen design were not protectable features. (ECF No. 61 at 1-2). Defendants also point out that the architectural plans for Lots 628 and 639, which were under contract at the time this litigation was initiated, do not contain any prohibited elements under the Preliminary Injunction Order. The plans for Lots 628 and 639 show a fourth bedroom and, instead of dual hallways, the master bedroom is accessible from the great room. (ECF No. 61 at 5; ECF No. 56-4). Defendants emphasize that the construction on Lot 628 is nearly complete and the customers are scheduled to close on the home, and Lot 639 is fully framed. (ECF No. 61 at 5).

In the Preliminary Injunction Order, the Court previously outlined Plaintiff's protectable interest in the Rockport Design based upon the facts and evidence that had been presented by the parties. The Court found that the dual hallway was the only unique feature of the Rockport Design. The Court also considered Plaintiff's argument regarding the placement of the stairs and the layout out of the kitchen, but the Court did not find the evidence supported copyright protection for those areas. Plaintiff essentially asks the Court to reconsider its prior order, which was based upon the evidence presented at the hearing. The Court finds no reasons to amend its order based upon Plaintiff's argument, which was largely duplicative of its prior argument. In addition, the Court believes that the language proposed by Plaintiff is overbroad and ambiguous

and provides no guidance to Defendants, or any other party, regarding what would be considered infringing conduct. The Court denies Plaintiff's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Modify Preliminary Injunction [49] is **GRANTED**, in part, and **DENIED**, in part. The Preliminary Injunction Order is amended to change "1015 Stonewick, Arnold, Missouri" and "1024 Stonewick Court, Arnold Missouri" to the correct addresses of "1005 Stonewick Court, Herculaneum, Missouri" and "1024 Stonewick Court, Herculaneum, Missouri". Defendants' Motion to Modify Preliminary Injunction is denied, without prejudice, in all other respects.

**IT IS HEREBY ORDERED** that Plaintiff Rolwes Company's Motion to Modify Preliminary Injunction Order [56] is **DENIED**.

Dated this 2nd day of October, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE